**Alan R. SKORITOWSKI**

v.

**PENNSYLVANIA STATE POLICE, BUREAU OF LIQUOR CONTROL ENFORCEMENT, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Sept. 17, 1999.

Decided Nov. 8, 1999.

Reargument/Reconsideration Denied Jan. 13, 2000.

Donald K. Gardner, Breinigsville, for appellant.

Sal Cognetti, Jr., Scranton, for appellee.

Before COLINS, J., LEADBETTER, J., and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

The Pennsylvania State Police, Bureau of Liquor Control Enforcement (Bureau) appeals from an order of the Court of Common Pleas of Lackawanna County (trial court), which sustained the appeal of Alan R. Skoritowski (Licensee) thereby reversing the decisions of an administrative law judge (ALJ) and the Pennsylvania Liquor Control Board (Board) imposing a $1,000.00 fine against Licensee. We affirm.

The facts of the instant case have been stipulated to by the parties and are not in dispute. Licensee is the owner of a food mart located in Old Forge, Lackawanna County. On May 28, 1991, the Board issued a liquor license to Licensee for the sale of alcoholic beverages at the food mart. On March 20, 1997, a twenty-year-

old male purchased four cans of beer from Licensee's food mart after presenting proof of age to a clerk in the form of an altered armed forces identification card.[1] The food mart had four security cameras operating at the time of the minor's purchase. The cameras captured the clerk asking for and examining some form of identification and subsequently completing the sales transaction, but did not capture the altered identification card.

The minor was later involved in an automobile accident. A state police trooper found the altered armed forces identification card upon a search of the minor's wallet. Following an investigation of the accident, the Bureau issued a citation to Licensee, charging him with selling, furnishing, giving or permitting such sale, furnishing or giving of alcoholic beverages to a minor, in violation of Section 493(1) of the Liquor Code (Code).[2] Licensee contested the citation and an evidentiary hearing was held before the ALJ. Licensee argued the affirmative defense of good faith. The ALJ upheld the citation and imposed the minimum fine of $1,000.00. In so doing, the ALJ found that although the sales clerk acted in good faith, Licensee failed to satisfy the requirements of this affirmative defense because it was impossible to view the altered identification card used by the minor in the video captured by the food mart cameras. Nor was it possible to see the altered identification card in photographic copies of still frames.

Licensee appealed to the Board and the Board affirmed. Licensee then appealed to the trial court. The trial court conducted a hearing de novo and made its own findings and conclusions.[3] Ultimately, the trial court sustained Licensee's appeal and reversed the decisions of the ALJ and the Board. In so doing, the trial court found that Licensee had satisfied the defense of good faith "rather emphatically" and that the circumstances justify a warning for Licensee and not a citation and fine. The Bureau now appeals to this Court.

On appeal,[4] the Bureau argues that the trial court erred as a matter of law in concluding that Licensee had proven the affirmative defense of good faith. We disagree.

The instant case deals with the interpretation of Section 495(f) of the Code, 47 P.S. § 4–495(f), which provides as follows:

A photograph or photocopy or other visual or video presentation of the identification card set forth in subsection (a) in the possession of a licensee or an employe of a State Liquor Store **may be offered** as a defense in all civil and criminal prosecutions for serving a minor, and no penalty shall be imposed if the administrative law judge or the courts are satisfied that the licensee or

1. The minor who purchased the beer was born on July 13, 1976. However, the date of birth on the armed forces identification card was altered to read July 13, 1975.

2. Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. § 4–493(1).

3. Section 471 of the Code, 47 P.S. § 4–471, provides a licensee with the right of appeal to a court of common pleas in the same manner as provided for in appeals from refusals to grant licenses. Section 464 of the Code, 47 P.S. § 4–464, addresses appeals from refusals to grant licenses and provides that a court of common pleas shall hear such appeals "de novo on questions of fact, administrative discretion and such other matters as are involved."

4. Following its de novo review, a trial court could sustain, alter, change, modify or amend the Board's action whether or not it makes findings which are materially different from the findings of the Board. *Altshuler v. Pennsylvania Liquor Control Board*, 729 A.2d 1272 (Pa.Cmwlth.1999); *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. Cantina Gloria's Lounge, Inc.*, 536 Pa. 254, 639 A.2d 14 (1994). Accordingly, we base our review on the facts as found by the trial court and our scope of review is limited to determining whether the trial court committed an error of law or abused its discretion. *Altshuler*.

State Liquor Store employe acted in good faith.

(emphasis added). The Bureau contends that this Section of the Code must be strictly construed, i.e., there can be no finding of good faith without the presentation of an identification card. We decline to interpret this Section in such a manner. This Section provides that an identification card in the possession of a licensee or its employee "may be offered" as evidence and then proceeds to place the burden on the administrative law judge or the courts to determine if the licensee or its employee acted in good faith.[5]

Acting in good faith is a state of mind and can be determined from the testimony of witnesses without further autoptic evidence. Once, however, autoptic evidence is introduced in a trial, then the fact finder decides what weight shall be accorded to the same. We find that the legislature's use of the words "may be offered" exhibits its intent to allow for a finding of good faith absent the presentation of autoptic evidence.[6] Such is the situation in the instant case.

In the course of its de novo review, the trial court received into evidence the record of the previous administrative proceedings in the instant case. After reviewing this record, the trial court found that Licensee installed four security cameras in his store in order to discourage purchases by minors and to monitor his employees and their conduct with respect to asking for identification.

Additionally, the trial court found that when the minor presented himself at Licensee's store to purchase beer, Licensee's employee asked for and was provided with identification showing proof of majority. Further, the trial court found that the store's security cameras showed Licensee's employee carefully reviewing what was later determined to be an altered armed forces identification card.[7] Based upon these findings, the trial court concluded that the defense of good faith had been shown "rather emphatically" and that no penalty should be imposed.[8] We cannot say that the trial court erred as a matter of law in reaching this conclusion.

■ Accordingly, the order of the trial court is affirmed.[9]

### ORDER

AND NOW, this 8th day of November, 1999, the order of the Court of Common Pleas of Lackawanna County is affirmed.

LEADBETTER, J., files a concurring opinion.

LEADBETTER, Judge, concurring.

I concur in the result only. Because I believe the purpose of Section 495(f) is to provide the court with objective evidence upon which to base a finding regarding the licensee's good faith, I disagree with the analysis of the majority. However, since the actual identification card was introduced into evidence in this case, I believe

5. Furthermore, we believe the intent of the legislature in enacting this Section of the Code was to overcome any potential hearsay objections to the presentation of this type of evidence.

6. We note that the Bureau's problems in the instant matter would be more properly addressed to the state legislature via a request to remove the good faith exception from the Code.

7. The altered armed forces identification card was presented before the ALJ. However, the substance used to alter the minor's date of birth had worn off by this point in time.

8. As discussed above, the trial court had the power to alter, change, modify or amend the Board's action. *Altshuler; Cantina Gloria's Lounge.*

9. We note that Licensee raises an argument in his brief that the Bureau failed to meet its burden of establishing that the sales clerk had the requisite *mens rea* required under Section 493(1) of the Code. However, Licensee did not file a cross-appeal in this matter. Hence, we will not address this argument. *See Arcidiacono v. Timeless Towns of the Americas, Inc.,* 363 Pa.Super. 528, 526 A.2d 804 (1987).

the requirements of Section 495(f) were satisfied. Accordingly, I agree that the order of the court of common pleas should be affirmed.