# CSC Enterprises Inc. v. Pennsylvania State Police, Bureau of Liquor Control Enforcement

*Edward A. Taraskus,* for plaintiff.
*Edward B. McHugh,* for defendant.

WOLF, *J.,* March 2, 2001—This case arises from the appeal of three citations issued by the Bureau of Liquor Control Enforcement of the Pennsylvania State Police against CSC Enterprises Inc. t/a Who's on Third in 1998 and 1999 and affirmed by an administrative law judge on February 22, 2000. This finding was appealed by CSC to the Liquor Control Board which affirmed the ALJ by decision dated April 19, 2000. On November 6, 2000, this court, after a review of the record and briefs and upon consideration of oral argument, reversed the decision of the board, finding that the decision of the ALJ and the board imposed a duty upon CSC that was not required by 47 P.S. §4-495. For the following reasons this court's decision should not be disturbed.

## FACTS AND PROCEDURAL HISTORY

The first of the three citations issued against CSC, no. 98-1943, contained three counts:

"(1) In July 1998, CSC, through its agents, servants or employees used or permitted to be used on the inside of its premises, a loudspeaker or similar device that could be heard on the outside in violation of 40 Pa. Code §5.32(a);

"(2) From August through September 1998, CSC through its agents, servants or employees sold, furnished or permitted such sale or furnishing of alcoholic beverages to 12 minors in violation of 47 P.S. §4-493(1); and

"(3) From August through September 1998, CSC through its agents, servants or employees permitted 12 minors to frequent its premises in violation of 47 P.S. §4-493(1)."

The second citation, no. 99-1009, contained one count which alleged that CSC, by or through its agents, servants or employees, sold or furnished alcoholic beverages to five individuals under 21 years of age on April 17, 1999, in violation of 47 P.S. §4-493(1).

The third citation, no. 99-1171, contained one count which charged that CSC, by its servants, agents or employees, issued checks or drafts in payment for purchases of malt or brewed beverages when CSC had insufficient funds in or credit with the institution upon which the funds were drawn, in violation of 47 P.S. §4-493(26).

These citations were consolidated for hearing before Administrative Law Judge Felix Thau on November 23, 1999. With regards to the citations for serving alcohol to underage individuals, CSC presented uncontroverted evidence at the hearing that each of the individuals was carded at the door before gaining entrance to the licensed establishment and that each of these individuals presented identification that was later admitted to be altered, forged or otherwise fraudulent.[1] CSC also presented testimony of its doorman, who had 20 years of experience in carding patrons. The doorman testified that CSC has a strict policy of carding all patrons at the door and that addi-

---

1. In fact, a number of the minors who were served testified that they had been asked for identification by CSC's doorman and that they produced identification for the doorman who reviewed it before allowing them into the premises.

tional identification was required in questionable cases. At the close of the evidence the ALJ sustained the citations and imposed a $1,600 fine and a three-day suspension of the liquor license for citation no. 98-1943, and imposed a $1,400 fine and five-day suspension of the liquor license for citation no. 99-1009. In so holding, the ALJ found that CSC did not act in "good faith" in carding the minors and thus were not relieved of liability for violation of the burden imposed by section 495 of the Liquor Code. 47 P.S. §4-495. The ALJ based this conclusion on the following factors: the alleged poor quality of the identification cards proffered, the short length of time the identification was viewed, CSC's failure to question the individuals regarding the accuracy of the information contained in the identification cards, the number of "youthful" looking patrons entering as a group, the absolute number of minors found, and the percentage of minors found to the total number of patrons. See ALJ adjudication at p. 11.

This finding was appealed to the board which, by opinion dated April 19, 2000, affirmed the decision of the ALJ. In doing so, the board relied heavily on the holding in *Skoritowski v. Pennsylvania State Police,* 742 A.2d 704 (Pa. Commw. 1999). In *Skoritowski,* the Commonwealth Court found that whether a party acts in good faith is a state of mind to be determined from the testimony of witnesses. However, once "autoptic evidence is introduced in a trial then the fact-finder decides what weight shall be accorded to the same." *Id.* at 707. Thus, the board reasoned, given the list of factors considered by the ALJ when he found that CSC was merely paying lip-service to its responsibility to keep minors out of its

establishment, the ALJ's decision was supported by substantial evidence. Board opinion at p. 7. This appeal followed.

## DISCUSSION

In deciding whether to uphold the findings of the board, this court, following a de novo review, may sustain, alter, change or modify the board's action, whether or not it makes findings of fact that are materially different from those of the board. *Altshuler v. Pennsylvania Liquor Control Board,* 729 A.2d 1272 (Pa. Commw. 1999). This court is required to accept into evidence the record below, *Pennsylvania State Police v. Kelly's Bar Inc.,* 536 Pa. 310, 639 A.2d 440 (1994), but remains free to make its own findings of fact and conclusions of law and impose sanctions as it deems appropriate. Here the court finds, based on the records presented to the ALJ, the board, and this court, that the imposition of fines and the suspension of CSC's license was not warranted.

Section 495 of the Liquor Code sets forth the types of identification that a licensee may accept as proof of legal age. Specifically, 47 P.S. §4-495(a) provides that a photo driver's license or a photo non-driver's identification card is acceptable as proof of legal age. More specifically, this section of the code provides that:

"A photograph or photocopy or other visual or video presentation of the identification card set forth in subsection (a) in the possession of a licensee or an employee of a state liquor store may be offered as a defense in all civil and criminal prosecutions for serving a minor, and no penalty shall be imposed if the administrative law

judge or the courts are satisfied that the licensee or state liquor store employee acted in good faith." 47 P.S. §4-495(f).

Here, CSC met the obligations imposed by this provision of the code; the identification of each and every minor was checked. The ALJ held that this was insufficient, finding that *Skoritowski* required more. As relevant to this case, however, the court in *Skoritowski* found that when a "495 defense" was proffered, the ALJ had to look at the identification as it existed at the time of the sale in order to find a lack of good faith. Where it was not available for review, testimony was sufficient to support a finding of good faith. *Id.* at 706. What the court in *Skoritowski* did not do was to require the licensee to determine the quality of the identification card, that is, to detect a forgery. There is no question that CSC had a duty to check the identification cards. However, that duty is not limitless but is defined by what a reasonable licensee would do. Here, in concluding that the review of the identification cards was insufficient, the ALJ and the board were essentially imposing upon CSC not only a duty to conduct an investigation but also an obligation to detect that those cards had been forged. The ALJ essentially said as much when he stated that where the initial identification was suspect, CSC should use a declaration of age card system and make a photostatic copy of each identification presented. N.T. 2/23/99 at p. 114. However, the statute does not require that such a system be maintained.[2] Moreover, maintaining such a system

---

2. Prior to the addition of subsection (f) to section 495 of the code in 1996, licensees were required to have the customer fill out and execute a "declaration of age card" after the customer's photo identifica-

would not have prevented the individuals from gaining access to CSC's establishment as, having already gone to the extreme of producing forged documentation, there is little doubt that these minors would have fraudulently filled out the declaration cards as well.

The ALJ erred in imposing burdens upon CSC that are not required by the code. Specifically, in holding that the identification cards proffered were not of good quality, the ALJ is requiring CSC to play detective and make an independent and correct determination of the validity of the cards. Under *Skoritowski* what is required is a good faith effort to make the determination. Moreover, the ALJ found that the amount of time that CSC's doorman reviewed the identification cards was insufficient. Thus, the ALJ is imposing his opinion as to what is a sufficient time measure on how long the card must be reviewed, which also is not required by the code. The ALJ also found that CSC's failure to question the minors about the contents of the identification cards was further evidence of its lack of good faith. However, the code does not require any licensee to question its patrons and potential patrons or conduct an inquiry in a specific manner.

The conduct of CSC in this matter was at least as conscientious as that of the licensee in *Skoritowski*. In *Skoritowski,* a minor purchased alcohol at a food mart

---

tion was checked. Only then could a licensee defend a citation for serving alcoholic beverages to minors. Finding that this was too unwieldy a process, the legislature amended this section of the code to permit the licensee to omit the declaration card part of the proceeding, and defend based on a review of the photographic identification alone.

after presenting proof of age to the clerk. Although the transaction in *Skoritowski* was captured on tape, the actual card was not shown. Here, the cards were preserved and presented to this court which could properly find that sufficient effort had been made to assess the validity of the proffered identification. Therefore, the imposition of fines and suspension of CSC's license was in error.

## CONCLUSION

For the foregoing reasons, the decision of this court should not be disturbed.