**TIMMY'S CORPORATION, Appellant**

**v.**

**PENNSYLVANIA STATE POLICE BUREAU OF LIQUOR CONTROL ENFORCEMENT.**

Commonwealth Court of Pennsylvania.

Argued May 18, 2010.

Decided June 10, 2010.

Stewart J. Berger, Philadelphia, for appellant.

Erik S. Shmukler, Asst. Counsel, Philadelphia, for appellee.

BEFORE: PELLEGRINI, Judge, and LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge PELLEGRINI.

Timmy's Corporation (Licensee) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) affirming the decision of the Pennsylvania Liquor Control Board (Board) which imposed a penalty of $1,750 upon Licensee for serving alcohol to a minor. For the reasons that follow, we affirm the trial court's decision.

On July 8, 2006, Licensee was issued a citation for violating Section 493(1) of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. § 4–493(1),[1] by selling alcohol to a 19–year old male minor on June 28, 2006. Licensee requested a hearing on the citation which took place before an Administrative Law Judge (ALJ) on December 4, 2007.

Two Pennsylvania State Police Officers testified that they saw the minor drive up to Licensee's place of business, a distributor, get out of his car, go into the establishment, and walk out with two 30–pack cases of Coors Light beer. Licensee's employee carried another 30–pack for the minor to his car. One of the officers, Justin Clark (Officer Clark), testified that he asked the minor/driver of the vehicle for his identification, and he stated that he did not have any identification. Officer Clark stated that he did a pat down search and found a false Pennsylvania driver's license which did not look like the minor, as well as the minor's driver's license indicating that he was Brendan Sickel (Sickel) and that he was 19 years old.

Jian Liu (Liu), an employee of Licensee's, testified that Sickel came into the distributor on June 28, 2006, and that he recognized him because he had been in the distributor twice before. However, he did not know him by the name of Sickel because he had previously presented a Pennsylvania driver's license to him on May 4 and 15, 2006, with the name of Jason Scholl. On those dates, he ran the ID through his age detection machine and it did not decline the license for being underage. If it had done so, that would have meant that Sickel was younger than 21 years of age and that he would not have allowed him to buy beer. He believed Sickel was 25 years old. On cross-examination, Liu admitted that the license Sickel provided to him previously was expired because the expiration date read 11/10/05. He also admitted that on June 28, 2006, he did not ask Sickel for any identification before selling him beer.

1. Section 493(1) of the Liquor Code provides:
It shall be unlawful—
   **(1) Furnishing liquor or malt or brewed beverages to certain persons.** For any licensee or the board, or any employe, servant or agent of such licensee or of the board, or any other person, to sell, furnish or give any liquor or malt or brewed beverages, or to permit any liquor or malt or brewed beverages to be sold, furnished or given, to any person visibly intoxicated, *or to any minor*: Provided further, That notwithstanding any other provision of law, no cause of action will exist against a licensee or the board or any employe, servant or agent of such licensee or the board for selling, furnishing or giving any liquor or malt or brewed beverages or permitting any liquor or malt or brewed beverages to be sold, furnished or given to any insane person, any habitual drunkard or person of known intemperate habits unless the person sold, furnished or given alcohol is visibly intoxicated *or is a minor.* (Emphasis added.)

Brendan Sickel (Sickel), the minor who purchased the beer, stated that he had been at Licensee's distributor approximately 10 times prior purchasing alcohol prior to June 28, 2006, but then changed his answer to one based on a questionnaire he had answered previously and was admitted into evidence. He admitted that he obtained a Pennsylvania driver's license with the name of Jason Scholl from someone in his neighborhood for the purpose of purchasing alcohol and had it in his possession on June 28, 2006, but denied ever presenting an ID with the name of Jason Scholl to Liu in Licensee's distributor on that night or on any other date.

The ALJ found that Sickel purchased three cases of beer from Licensee on June 28, 2006, without having his age questioned, even though he was born on April 16, 1987; when apprehended by police officers outside the premises, his wallet contained an expired Pennsylvania driver's license of a man whose birthday was October 31, 1980; and Sickel did not use the expired license to induce Licensee to sell beer to him. The ALJ concluded that even if Sickel used the expired driver's license of a man whose birthday was October 31, 1980, on a previous occasion, that individual was not the person who purchased beer on June 28, 2006. Further, the use of that expired driver's license on any of the previous occasions was inadequate to establish a defense because the driver's license was expired at all relevant times. The ALJ then sustained the citation and imposed on Licensee a fine of $1,750, stating that if it was not paid within 20 days of the mailing date of the order, Licensee's license would be suspended or revoked.

Licensee appealed to the Board which affirmed the ALJ's decision. The Board noted that Section 495(f) of the Liquor Code, 47 P.S. § 4–495(f), provides that a licensee who has provided alcohol to a minor may escape liability if the licensee required the minor to provide proper identification and if the licensee acted in good faith. However, Licensee failed to set forth an affirmative defense under this section because the minor Sickel was not asked for identification on June 28, 2006. Further, the identification that Sickel presented on the two prior occasions was invalid because it was expired. Finally, the Board did not find Licensee credible regarding its argument that it acted in good faith by relying on the scanning device it had used in the past to determine the validity of the age of an individual.[2]

Licensee filed an appeal with the trial court which conducted a *de novo* review of the matter. It noted that Section 495(a) of the Liquor Code provides that a licensee will not be liable for having sold liquor to a minor if the minor was required to produce a valid photo driver's license or identification card. However, on the date in question, Licensee did not request Sickel to produce any identification. Although Licensee stated that its employee did not ask for identification because Sickel had been in the distributor on prior occasions when he had produced identification which showed that he was over 21 years old, "the code does not refer to previous sales with the same person and requires that a licensee check an individual's identification with each purchase." (Trial court's opinion at 2.) The trial court further stated that it was a violation of the Pennsylvania Vehicle Code to drive with an expired license, 75

---

**2.** The Board noted that Licensee had paid the $1,750 fine, but still had to adhere to all conditions set forth in the ALJ's order.

Pa.C.S. § 1501(a),[3] so even if Licensee's employee had asked for the minor's proof of age on the day in question, a cursory review of the driver's license would have revealed that it was expired and no longer valid. In any event, the trial court stated that in order to utilize the affirmative defense of good faith from Section 495 of the Liquor Code, in addition to requesting valid identification, Licensee had to require the minor to complete and sign an age declaration form pursuant to 47 P.S. § 4–495(e).[4] Because he did not require Sickel to complete and sign that form, he could not use that defense and affirmed the Board. This appeal by Licensee followed.[5]

■ Relying on 47 P.S. § 4–495(g), Licensee contends that the trial court's decision sustaining the citation should be reversed because Licensee's employee acted in good faith in selling alcohol to Sickel. Specifically, 47 P.S. § 4–495(g) provides:

> In addition to the defenses set forth in subsections (e) and (f), no penalty shall be imposed on a licensee, licensee's employe or Pennsylvania Liquor Store employe for serving alcohol to a minor if the licensee or employe can establish that the minor was required to produce an identification card as set forth in subsection (a), the identification card is

identified as a valid card by a transaction scan device and the identification card and transaction scan results were relied upon in good faith. This defense shall apply to all civil and criminal prosecutions. For purposes of this section, a "transaction scan device" is a device capable of deciphering in an electronically readable format the information encoded on the magnetic strip or bar code of an identification card set forth in subsection (a).

Subsection (a) provides that "The valid photo driver's license or identification card issued by the Department of Transportation or by any other state, a valid armed forces of the United States identification card, a valid passport or a travel visa issued by the United States or a foreign country that contains the holder's photograph shall, for the purpose of this act, be accepted as an identification card." 47 P.S. § 4–495(a). The Liquor Code does not define "valid" or "valid identification card." However, "valid" is defined as "executed with the proper legal authority and formalities, having legal efficacy or force." Webster's Ninth New Collegiate Dictionary 1302 (1989). Therefore, a valid Pennsylvania driver's license is one that is issued by the Department of Transportation

---

3. 75 Pa.C.S. § 1501(a) provides:

> (a) General rule. No person, except those expressly exempted, shall drive any motor vehicle upon a highway or public property in this Commonwealth unless the person has a driver's license valid under this provision of this chapter. As used in this subsection, the term "public property" includes, but is not limited to, driveways and parking lots owned or leased by the Commonwealth, a political subdivision or an agency or instrumentality of either.

4. 47 P.S. § 4–495(e) provides:

> No penalty shall be imposed on a licensee, licensee's employe or State Liquor Store employe for serving alcohol to a minor if

the licensee or employe can establish that the minor was required to produce an identification card as set forth in subsection (a), the minor completed and signed the form as set forth in subsection (c) and these documents were relied upon in good faith. This defense shall apply to all civil and criminal prosecutions.

5. Where, as here, the trial court has heard the matter *de novo*, this Court's scope of review is limited to determining whether the trial court has committed an error of law, abused its discretion, or made findings of fact unsupported by the record. *CSC Enterprises, Inc. v. Pennsylvania State Police, Bureau of Liquor Control Enforcement*, 782 A.2d 57 (Pa. Cmwlth.2001).

as set forth in Section 495(a) of the Liquor Code.

Licensee argues that its employee Liu complied with 47 P.S. § 4–495(g) because Sickel had previously presented to Liu a Pennsylvania driver's license stating that he was 25 years old; Liu scanned the license on two prior occasions; and the transaction scan device verified that the license was valid and that Sickel was 25 years old. Therefore, Licensee should not be penalized for being victimized by Sickel's criminal conduct.

What Licensee's argument ignores is that Liu never received a valid identification in the past—it was not Sickel's driver's license and it was out of date. Most important is that Licensee never requested any valid identification from Sickel on June 28, 2006. Section 495(b) [6] requires identification to be presented to the licensee every time an individual requests to purchase alcohol and it is not evident that the person is of majority. Because Liu did not request any identification, the Board properly found that Licensee violated Section 493(1) of the Liquor Code.[7]

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this *10th* day of *June*, 2010, the order of the Court of Common Pleas of Philadelphia County dated March 23, 2009, is affirmed.

---

6. Section 495(b) provides:
   (b) Such identification card shall be presented by the holder thereof upon request of any State Liquor Store or any licensee, or the servant, agent or employe thereof, for the purpose of aiding such store, licensee, or the servant, agent or employe to determine whether or not such person is twenty-one years of age and upwards, when such person desires alcoholic beverage at a State Liquor Store or licensed establishment.

7. While Licensee attempts to make much of Liu's Cantonese heritage and his inability to distinguish one Caucasian from another (meaning that Sickle and Scholl could have been the same person because they looked similar), all Liu had to do was look at the date of expiration on the driver's license to see if it was still valid. He admitted that he looked at the driver's license and saw that the fake name on the license was Scholl. If Licensee's allegation was true and Liu had trouble distinguishing Caucasians, for that reason alone, Liu should have been more vigilant when selling alcohol to individuals who "looked alike" instead of just relying on the transaction scan device and should have also looked at the date of expiration.