**PENNSYLVANIA STATE POLICE, Bureau of Liquor Control Enforcement**

v.

**S & B RESTAURANT, INC., t/a, The Woodlands, An Inn, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 13, 2012.

Decided July 26, 2012.

---

Steven M. Greenwald, Wilkes–Barre, for appellant.

Craig A. Strong, Assistant Counsel, Macungie, for appellee.

BEFORE: COHN JUBELIRER, Judge, and McCULLOUGH, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge COHN JUBELIRER.

S & B Restaurant, Inc., t/a, The Woodlands, An Inn (Licensee), appeals from an Order of the Court of Common Pleas of Luzerne County (trial court) dismissing Licensee's appeal and affirming the opinion and order of the Pennsylvania Liquor

Control Board (PLCB). The PLCB suspended Licensee's liquor license for three days and imposed a penalty of $2,000.00 after sustaining the charge in a citation issued to Licensee by the Pennsylvania State Police, Bureau of Liquor Control Enforcement (Bureau) for violating Section 493(1) of the Liquor Code [1] by furnishing and/or selling liquor or malt or brewed beverages to a minor.[2] Licensee argues that the trial court abused its discretion and committed several errors of law when it upheld Licensee's violation of Section 493(1) of the Liquor Code.

Licensee is the owner and holder of a Pennsylvania liquor license. In 2009, Licensee hosted special underage events on Thursday evenings in the "Evolution" portion of its establishment. During these underage events, Licensee restricted patrons aged 18 to 20 years to the "Evolution" portion of the premises and only permitted patrons aged 21 years or older to purchase or consume alcoholic beverages on the premises. Licensee provided wristbands to be worn by patrons aged 21 years or older in order to identify these patrons while they were in Licensee's establishment. Licensee did not require patrons to remove their wristbands when they exited Licensee's premises and it was Licensee's policy not to recheck a patron's identification upon reentry to Licensee's establishment if the patron was wearing an intact wristband. (Trial Ct. June 30, 2011 Op. at 1–3.)

On July 9, 2009, J.S., aged 19 and, therefore, a minor,[3] arrived at Licensee's establishment to attend a special underage event. Prior to entering Licensee's establishment, J.S. and some of her friends encountered a group of male patrons in the parking lot who were leaving the premises. These male patrons were wearing wristbands and J.S. asked if she and her friends could have their wristbands. The male patrons agreed to the request and J.S. and her friends then placed the wristbands on their own wrists using the adhesive that was already on the wristbands. When J.S. entered through the main entrance of Licensee's establishment with the wristband, she was not asked to produce any identification to verify her age. J.S. and her friends walked into the bar area where the bouncer shined a flashlight on their wrists to see if they were wearing wristbands. After the bouncer saw their wristbands, they were permitted to enter the bar area. J.S. proceeded to order three alcoholic beverages because there were only fifteen minutes remaining during "happy hour." J.S. was not asked to provide identification at the bar when she ordered the beverages. (Trial Ct. June 30, 2011 Op. at 1–3.)

---

1. Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. § 4–493(1). Section 493(1) provides that "[i]t shall be unlawful ... [f]or any licensee ... or any employe, servant or agent of such licensee ... to sell, furnish or give any liquor or malt or brewed beverages, or to permit any liquor or malt or brewed beverages to be sold, furnished or given ... to any minor."

2. Pursuant to Section 471 of the Liquor Code, 47 P.S. § 4–471, the PLCB is authorized to cite a licensee for any violation of the Liquor Code or the laws of this Commonwealth related to liquor, alcohol, or malt or brewed beverages and, after a hearing on the citation, to

suspend or revoke the licensee's license, impose a fine, or both. If a violation of Section 493(1) of the Liquor Code is proven after a hearing, the licensee's licensee shall be immediately suspended or revoked, or a fine imposed of not less than $1,000 and not more than $5,000, or both. 47 P.S. § 4–471(b).

3. For purposes of the Liquor Code, anyone under the age of 21 is considered a minor and not of legal drinking age. *See* Section 495 of the Liquor Code, 47 P.S. § 4–495 (licensees must determine whether a patron is at least 21 years of age before providing the patron with alcoholic beverages).

J.S. and her friends initially left Licensee's establishment around midnight when they had finished their beverages. They went to a nearby restaurant for pizza and then returned to Licensee's establishment still wearing the wristbands. J.S. and her friends reentered Licensee's bar area as they did earlier, without being asked to produce any identification, went to the bar, and ordered beer. Only once during the evening did Licensee's security shine a flashlight on J.S.'s wrist. (Trial Ct. June 30, 2011 Op. at 3.)

When J.S. was leaving Licensee's establishment the second time, she became involved in a physical altercation with another patron. It was not until the local police arrived and requested that J.S. produce identification that Licensee learned that J.S. was a minor. J.S. was charged, *inter alia*, with underage drinking. J.S. later entered a plea bargain and paid a fine. (Trial Ct. June 30, 2011 Op. at 3.)

On December 29, 2009, the Bureau issued a Notice of Violation letter to Licensee which was followed by a citation issued on January 15, 2010. The citation charged Licensee with violating Section 493(1) of the Liquor Code on July 9 and 10, 2009, by selling, furnishing or giving of alcoholic beverages or permitting alcoholic beverages to be sold, furnished or given to a female minor, age 19. The citation further directed Licensee to appear at a hearing before an Administrative Law Judge (ALJ) to show cause why its liquor license should not be suspended or revoked and/or a fine imposed. (Citation, R.R. at 3a; Trial Ct. June 30, 2011 Op. at 1.)

An evidentiary hearing was held on July 7, 2010, at which the Bureau presented the testimony of J.S. and Pennsylvania State Police Officer William Rosenstock, who investigated the complaint that was filed by the local police department, regarding this incident. Licensee presented the testimony of its director of security, Catherine Kaminski. The ALJ sustained the citation by adjudication rendered on October 28, 2010, and the PLCB denied Licensee's appeal by opinion and order mailed December 15, 2010. Licensee timely appealed to the trial court, which heard the matter *de novo*. At the March 21, 2011 *de novo* hearing, the trial court received the record of the administrative proceedings before the ALJ. Licensee also offered the additional testimony of its owner, Eric Kornfield. By Order of June 30, 2011, the trial court affirmed the PLCB's order and dismissed Licensee's appeal.

■ Licensee timely appealed the trial court's June 30, 2011 Order to this Court.[4] Thereafter, the trial court directed Licensee to file a Concise Statement of Matters Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). (Trial Ct. August 3, 2011 Order.) Licensee complied and the trial court issued an Opinion pursuant to Rule 1925 on November 15, 2011.[5] Therein, the trial

4. Where the trial court hears the matter *de novo*, this Court's scope of review is limited to determining whether the trial court abused its discretion, committed an error of law, or made unsupported findings of fact. *Timmy's Corporation v. Pennsylvania State Police, Bureau of Liquor Control Enforcement*, 997 A.2d 419, 422 n. 5 (Pa.Cmwlth.2010).

5. Licensee has not appended a copy of the trial court's Rule 1925 Opinion to its brief or included it in the reproduced record. We

note that Pennsylvania Rule of Appellate Procedure 2111(b) provides that "[t]here *shall* be appended to the [appellant's] brief a copy of any opinions delivered by any court or other government unit below relating to the order ... under review, if pertinent to the questions involved." Pa. R.A.P. 2111(b) (emphasis added). In addition, Licensee has appended items to its brief as Appendix I and Appendix II, and submitted a supplemental reproduced record that includes an alleged example of the wristband at issue in this matter; however,

court thoroughly addressed the evidence and issues presented. (Trial Ct. November 15, 2011 Op.) The trial court found that because Licensee did not request that the minor J.S. produce any identification upon her entry into Licensee's establishment, Licensee could not satisfy the conditions required by Section 495 of the Liquor Code, 47 P.S. § 4–495,[6] in order to avoid the imposition of penalties for violating Section 493(1); therefore, Licensee could not show that it acted in good faith. (Trial Ct. November 15, 2011 Op. at 5–8.) The trial court rejected Licensee's reliance on this Court's decisions in *Skoritowski v. Pennsylvania State Police, Bureau of Liquor Control Enforcement*, 742 A.2d 704 (Pa.Cmwlth.1999), and *CSC Enterprises, Inc. v. Pennsylvania State Police, Bureau of Liquor Control Enforcement*, 782 A.2d 57 (Pa.Cmwlth.2001), for the proposition that a showing of good faith alone is sufficient to avoid a penalty for furnishing alcohol to a minor. (Trial Ct. November 15, 2011 Op. at 5–8.) Instead, the trial court relied upon this Court's more recent decision in *Timmy's Corporation v. Pennsylvania State Police, Bureau of Liquor Control Enforcement*, 997 A.2d 419, 421–22 (Pa.Cmwlth.2010), wherein we affirmed the trial court's decision that a licensee may only employ the affirmative defense of good faith under Section 495 if the licensee required the minor to provide a valid identification card. (Trial Ct. November 15, 2011 Op. at 9.) Finally, the trial court rejected Licensee's arguments that the trial court should have employed the "beyond a reasonable doubt" standard in this matter and that the Liquor Code violates the United States and Pennsylvania Constitutions. (Trial Ct. November 15, 2011 Op. at 10–12.)

Licensee raises the following issues in its appeal to this Court: (1) whether the trial court erred and abused its discretion in determining that a common law, good faith defense to an allegation of a violation of Section 493(1) of the Liquor Code does not exist; (2) whether the trial court erred and abused its discretion in determining that Licensee did not establish good faith and, thus, did not violate Section 493(1); and (3) whether the trial court erred, as a matter of law, in failing to determine that a violation of Section 493(1) constitutes a misdemeanor and that application of Section 493(1), in light of Section 494 of the Liquor Code,[7] violates the United States and Pennsylvania Constitutions.

the materials in Appendix I, Appendix II, and the wristband are not part of the certified record; therefore, we are not permitted to consider those items in this appeal. *See Spink v. Spink*, 422 Pa.Super. 126, 619 A.2d 277, 280 n. 1 (1992) (citations omitted) ("It is beyond cavil that an appellate court is limited to considering only those facts which have been duly certified in the record on appeal. For purposes of appellate review, what is not of record does not exist.").

6. Section 495 is entitled "Identification cards; licensees and state liquor store employes saved from prosecution." 47 P.S. § 4–495.

7. 47 P.S. § 4–494. Section 494, entitled "Penalties," provides as follows:
   (a) Any person who shall violate any of the provisions of this article, except as oth-

erwise specifically provided, shall be guilty of a misdemeanor and, upon conviction thereof, shall be sentenced to pay a fine of not less than one hundred dollars ($100), nor more than five hundred dollars ($500), and on failure to pay such fine, to imprisonment for not less than one month, nor more than three months, and for any subsequent offense, shall be sentenced to pay a fine not less than three hundred dollars ($300), nor more than five hundred dollars ($500), and to undergo imprisonment for a period not less than three months, nor more than one year, or both. If the person, at or relating to the licensed premises, violates section 493(1), (10), (14), (16) or (21), or if the owner or operator of the licensed premises or any authorized agent of the owner or operator violates the act of April 14, 1972 (P.L. 233, No. 64), known as "The Con-

Licensee first argues that the trial court erred, as a matter of law, in its: (1) interpretation of Section 495 of the Liquor Code; (2) determination that there is no common law defense of good faith to a violation of Section 493(1); (3) rejection of this Court's decisions in *Skoritowski* and *CSC*; and (4) determination that the facts of this case do not rise to the level of good faith. Upon review, we find that the trial court did not err.

As noted, Section 493(1) provides that "[i]t shall be unlawful ... [f]or any licensee ... or any employe, servant or agent of such licensee ... to sell, furnish or give any liquor or malt or brewed beverages, or to permit any liquor or malt or brewed beverages to be sold, furnished or given ... to any minor." 47 P.S. § 4–493(1). Section 495 of the Liquor Code [8] sets forth:

(a) *The valid photo driver's license or* identification card issued by the Department of Transportation or by any other state, a valid armed forces of the United States identification card, a valid passport or a travel visa issued by the United States or a foreign country that contains the holder's photograph shall, for the purpose of this act, be accepted as an identification card.

(b) Such identification card shall be presented by the holder thereof upon request of any State Liquor Store or any licensee, or the servant, agent or employe thereof, for the purpose of aiding such store, licensee, or the servant, agent or employe to determine whether or not such person is twenty-one years of age and upwards, when such person desires alcoholic beverage at a State Liquor Store or licensed establishment.

(c) In addition to the presentation of such identification card, the agent of the State Liquor Store or the licensee, or his servant, agent or employe, may require the person whose age may be in question to fill in and sign a form containing language approved by the board or containing the following:

......... 19
I,......... hereby represent to ........., a State Store or licensee of the board, that I am of full age and discretion and over the age of 21 years, having been born on......... 19 ... at .........

This statement is made to induce said store or licensee above named to sell or otherwise furnish alcoholic beverages to the undersigned.

Serial Number of Identification Card:

I understand that I am subject to a fine of $300.00 and sixty days imprisonment for any misrepresentation herein.
.........................

trolled Substance, Drug, Device and Cosmetic Act," or 18 Pa.C.S. § 5902 (relating to prostitution and related offenses) or 6301 (relating to corruption of minors), he shall be sentenced to pay a fine not exceeding five thousand dollars ($5,000) or to undergo imprisonment for a period not less than three months, nor more than one year, or both.

(b) The right to suspend and revoke licenses granted under this article shall be in addition to the penalty set forth in this section.

(c) A person convicted of selling or offering to sell any liquor or malt or brewed beverage without being licensed is in violation of this article and shall, in addition to any other penalty prescribed by law, be sentenced to pay a fine of two dollars ($2) per fluid ounce for each container of malt or brewed beverages and four dollars ($4) per fluid ounce for each container of wine or liquor found on the premises where the sale was made or attempted. The amount of [the] fine per container will be based upon the capacity of the container when full, whether or not it is full at the time of the sale or attempted sale. In addition, all malt or brewed beverages, wine and liquor found on the premises shall be confiscated. If a person fails to pay the full amount of the fine levied under this subsection, the premises on which the malt or brewed beverages, wine or liquor was found shall be subject to a lien in the amount of the unpaid fine if the premises are owned by the person against whom the fine was levied or by any other person who had knowledge of the proscribed activity. The lien shall be superior to any other liens on the premises other than a duly recorded mortgage.

8. Section 495 provides, in its entirety, as follows:

(1) what may be accepted by a licensee as a valid identification card presented by a patron desiring to purchase alcoholic beverages at a licensed establishment; (2) that a patron of a licensed establishment must present a valid identification card when purchasing alcoholic beverages; and (3) the requirements of the form, commonly known as an "age declaration card," that a licensee may require an individual whose age is questioned to fill in and sign. Section 495 also establishes defenses that, if proven, permit a licensee to avoid the imposition of penalties for a violation of Section 493(1). A licensee may be "saved from prosecution" pursuant to Sections 495(e), (f) or (g), if the licensee can *first* prove that the minor was required to produce a valid identification card as set forth in Section 495(a) and that: (1) the minor was required to sign a form declaring that he or she is over the age of 21; (2) the licensee made a photograph, photocopy or other visual or video presentation of the identification card; or (3) the identification card was identified as valid by a transaction scan, *and,* the licensee relied upon the foregoing documents or scan results in

                (Name)

........................

              (Address)

Witness:

Name.........

Address.........

The forms shall be printed in a manner approved by the board and shall be filed alphabetically by the State Liquor Store or licensee in a file box containing a suitable alphabetical index at or before the close of business on the day that the form is executed, and any such form shall be subject to examination by any officer, agent or employe of the enforcement bureau at any and all times.

(d) Repealed.1988, March 25, P.L. 262, No. 31, § 15(b) effective in 60 days.

(e) No penalty shall be imposed on a licensee, licensee's employe or State Liquor Store employe for serving alcohol to a minor if the licensee or employe can establish that the minor was required to produce an identification card as set forth in subsection (a), the minor completed and signed the form as set forth in subsection (c) and these documents were relied upon in good faith. This defense shall apply to all civil and criminal prosecutions.

(f) In addition to the defense set forth in subsection (e), no penalty shall be imposed on a licensee, licensee's employe or State Liquor Store employe for serving alcohol to a minor if the licensee or employe can establish that the minor was required to produce an identification card as set forth in subsection (a), a photograph, photocopy or other visual or video presentation of the identification card was made and those documents were relied upon in good faith. This defense shall apply to all civil and criminal prosecutions.

(g) In addition to the defenses set forth in subsections (e) and (f), no penalty shall be imposed on a licensee, licensee's employe or Pennsylvania Liquor Store employe for serving alcohol to a minor if the licensee or employe can establish that the minor was required to produce an identification card as set forth in subsection (a), the identification card is identified as a valid card by a transaction scan device and the identification card and transaction scan results were relied upon in good faith. This defense shall apply to all civil and criminal prosecutions. For purposes of this section, a "transaction scan device" is a device capable of deciphering in an electronically readable format the information encoded on the magnetic strip or bar code of an identification card set forth in subsection (a).

(h) No licensee or licensee's agent or employe shall sell or otherwise disseminate the information derived from a transaction scan to any third party, except to the board, the bureau or other law enforcement official, for any purpose, including, but not limited to, any marketing, advertising or promotional activities, except that a licensee or licensee's agent or employe may release that information pursuant to a court order. Any person who violates this subsection commits a summary offense and shall, upon conviction, be sentenced to pay a fine not exceeding five hundred dollars ($500) for the first offense and to pay a fine not exceeding one thousand dollars ($1,000) for subsequent offenses.

47 P.S. § 4–495.

good faith. Notably, all of these defenses require first that the licensee require a patron to produce a valid identification card.

In this case, there is no dispute that Licensee sold, and served, to J.S., a minor, alcoholic beverages on July 9 and 10, 2009, in violation of Section 493(1). In addition, Licensee does not argue that its actions on those dates satisfy the letter of Section 495 of the Liquor Code or any of the defenses set out therein; in fact, there is no dispute that Licensee never required J.S. to produce a valid identification card. Instead, Licensee argues that it should be found to have acted in good faith pursuant to common law because it relied upon the wristband that J.S. was wearing when she was permitted entrance to Licensee's establishment. Licensee argues that no court before or since *Skoritowski* and *CSC* has held that there is no common law good faith defense to a violation of Section 493(1). Licensee contends that "[a] good faith defense has simply not been written out of existence—either by a Court or the Legislature!" (Licensee's Br. at 7.)

■ We begin with the general principle that licensees are held strictly liable for violations of the Liquor Code that occur on the licensed premises. *Pennsylvania Liquor Control Board v. TLK, Inc.,* 518 Pa. 500, 504, 544 A.2d 931, 933 (1988). In both *Skoritowski* and *CSC,* the licensees were charged with violating Section 493(1) of the Liquor Code because they sold alcoholic beverages to minors. There

was no question in these cases that the licensees did ask the minors for identification, and that the minors produced what were later determined to be altered or false forms of identification. The issue in both cases was whether the licensees had to comply with Section 495(f), as then written, in order to avoid a penalty. At the time, Sections 495(e) and (f) provided that a licensee *may* offer a signed age declaration card, a photograph or photocopy or other visual or video presentation of the identification card, in its possession, as a defense in all civil and criminal prosecutions for serving a minor *and* that no penalty would be imposed if the ALJ or the courts were satisfied that the licensee acted in good faith.[9]

In *Skoritowski,* a minor purchased beer from the licensee's food mart and security cameras captured the clerk asking for and examining what was discovered to be an altered armed forces identification card. The security tape was entered into evidence. There was no dispute that the sales clerk acted in good faith; the issue was whether the licensee also had to produce a copy of the altered identification card as a defense in order to be saved from prosecution under Section 495(f) as then written. Based on the language in Section 495(f), which provided that such a copy "may be offered" as a defense, as opposed to "shall," the licensee did not have to present a copy of the altered identification card to establish that the licensee requested that a minor produce identifica-

---

9. Prior to 2002, Sections 495(e) and (f) provided that:

(e) Any such signed form in the possession of a licensee or an employe of a State Liquor Store may be offered as a defense in all civil and criminal prosecutions for serving a minor, and no penalty shall be imposed if the administrative law judge or the courts are satisfied that the licensee or State Liquor Store employe acted in good faith.

(f) A photograph or photocopy or other visual or video presentation of the identification card set forth in subsection (a) in the possession of a licensee or an employe of a State Liquor Store may be offered as a defense in all civil and criminal prosecutions for serving a minor, and no penalty shall be imposed if the administrative law judge or the courts are satisfied that the licensee or State Liquor Store employe acted in good faith.

tion and to establish that the licensee acted in good faith in relying upon what the minor offered as valid identification. *Skoritowski,* 742 A.2d at 707.

Similarly, in *CSC,* licensee did ask to see proof of age, but the minors produced false identification cards, and the licensee did not require the minors to complete a declaration of age card. While the false identification cards were entered into evidence, the Bureau argued that Section 495(f), as then written, required the licensee to choose the type of evidence to offer, for example, either the age declaration card or a copy of the identification card in lieu of the actual identification card presented to the licensee. After reviewing our previous decision in *Skoritowski,* we again concluded that because the statutory language in Section 495(f) employed the term "may" as opposed to "shall," the licensee did not have to offer the actual identification card, age declaration card, photograph or photocopy or other visual or video presentation of the identification card in order to prove the affirmative defense of good faith. *CSC,* 782 A.2d at 63.

After this Court's decisions in *Skoritowski* and *CSC,* in 2002 the General Assembly amended Section 495 of the Liquor Code,[10] rewriting subsections (e) and (f) and removing the term "may" from those subsections. The 2002 amendments also added subsections (g) and (h), but left intact subsections (a), (b), and (c). Importantly, Section 495(b) still requires that, in order to determine whether a patron is at least 21 years of age, a valid identification card shall be presented to the licensee every time a patron desires to purchase alcohol. 47 P.S. § 4–495(b). *See Timmy's,* 997 A.2d at 423 (holding that when it is not evident that a patron is of majority, Section 495(b) of the Liquor Code requires that the patron present identification to the licensee every time the patron requests to purchase alcohol).

Licensee argues that we should find that, like the licensees in *Skoritowski* and *CSC,* it also established an affirmative defense of good faith even though, like those licensees, it did not strictly comply with the provisions of Section 495. However, as just described, the statutory language in Section 495 that was relied upon in *Skoritowski* and *CSC* has been redrafted. Most importantly, however, is that the finding of good faith was made only after each licensee established that it had required the minors to produce identification to show proof of age as required by Section 495(b). This Court in *Skoritowski* and *CSC* did *not* hold that a licensee may prove good faith without a finding that the licensee actually asked the minor for identification, which the minor provided, prior to furnishing alcohol to the minor and Licensee has not cited any authority for such a proposition. If a licensee fails to request that a minor produce any valid identification, that licensee cannot prove the affirmative defense of good faith as described in Section 495.

■ Here, it is undisputed that Licensee did not ask J.S. for identification prior to furnishing her with alcohol; License assumed that she was over 21 years of age merely because J.S. was wearing a wristband that Licensee provided to its patrons. There is no exception in the Liquor Code or in our precedent for serving minors alcohol under these circumstances. Therefore, the trial court's determination that Licensee violated Section 493(1) of the Liquor Code must be affirmed.[11] *See Tim-*

---

10. Section 495 of the Liquor Code was amended twice in 2002 by the Act of February 21, 2002, P.L. 103 and the Act of December 16, 2002, P.L. 1806.

11. Licensee attempts to overturn the citation for serving a minor alcohol by arguing that it was J.S.'s subterfuge that caused the violation by representing to Licensee, and to all the

*my's*, 997 A.2d at 423 (the licensee never requested any valid identification from the minor; therefore, the finding that licensee violated Section 493(1) was affirmed.).

■ Next, Licensee argues that the trial court erred in failing to determine that a violation of Section 493(1) constitutes a misdemeanor and that application of Section 493(1), in light of Section 494 of the Liquor Code, violates the United States and Pennsylvania Constitutions. This argument is premised on a misunderstanding of the violation and penalties at issue in this case.

■ It is well settled that the suspension or revocation of a license under the Liquor Code is considered a civil or administrative proceeding and not a criminal action. *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. Harrisburg Knights of Columbus Home Association*, 989 A.2d 39, 46 (Pa.Cmwlth.2009).[12] While Section 494 also sets forth the penalties a court is required to impose for a criminal *conviction* for a violation of the Liquor Code,[13] which includes a criminal conviction for violating Section 493(1), Section 494 further provides that "[t]he right to suspend and revoke licenses granted under this article shall be in addition to the penalty set forth in this section." 47 P.S. § 4–494(b). Thus, in addition to any penalty imposed by a court of law pursuant to Section 494, the Bureau may also issue a citation to suspend or revoke a license to sell alcohol pursuant to Section 471 of the Liquor Code. As noted, Section 471 authorizes the Bureau to issue licensees citations for Liquor law violations. An ALJ then hears the charges contained in the citation and decides whether: (1) a violation has occurred; (2) a fine should be imposed; and/or (3) suspension or revocation of the license is required. *Atiyeh v. Pennsylvania Liquor Control Board*, 157 Pa.Cmwlth. 28, 629 A.2d 182, 183 (1993).

Moreover, there is simply no provision in the Liquor Code that requires the Bureau to charge a licensee criminally for a violation of Section 493(1). In *V.J.R. Bar Corporation v. Pennsylvania Liquor Control Board*, 480 Pa. 322, 326, 390 A.2d 163, 165 (1978), our Supreme Court specifically held that the PLCB has the authority to impose sanctions against licensees where the underlying conduct does not result in any criminal charges. The Supreme Court rejected the licensee's contention that the PLCB is exercising the judicial function of adjudicating criminal charges when it imposes such sanctions and pointed out that the PLCB did not make a finding of criminal guilt or attempt to punish the licensee under the Crimes Code. Rather, the Supreme Court noted, the PLCB imposed a civil sanction pursuant to Section 471 of the Liquor Code "for conduct reasonably related to its sphere of authority." *Id.* at 327, 390 A.2d at 165.

Here, Licensee was issued a citation by the Bureau pursuant to its authority under Section 471. The citation notified Licensee that: (1) the Bureau was in possession of facts which led it to believe that Licen-

---

world, that she was 21 by virtue of the fact she was wearing a wristband. This Court has held that "[t]o allow a licensee 'to escape the consequences of the illegal sale by claiming deception would render the Liquor Code a nullity.'" *146, Inc. v. Pennsylvania Liquor Control Board*, 107 Pa.Cmwlth. 79, 527 A.2d 1083, 1085 (1987) (quoting *GTRT, Inc. Liquor License Case*, 78 Pa.Cmwlth. 584, 467 A.2d 1233, 1234 (1983)).

12. *Petition for allowance of appeal denied*, 608 Pa. 626, 8 A.3d 347 (2010).

13. *See Commonwealth v. Koczwara*, 397 Pa. 575, 588, 155 A.2d 825, 831 (1959) (The courts are bound under Section 494 to impose the penalties therein prescribed.).

see violated Section 493(1) of the Liquor Code; and (2) Licensee was cited to appear before an ALJ to show cause why its "license should not be suspended or revoked or a fine imposed." (Citation, R.R. at 4a.) Nowhere in the citation is Licensee notified that its owner or any of its employees would be charged criminally or subject to the penalties, such as incarceration, set forth in Section 494. Nor was Licensee ever charged criminally for violating Section 493(1) of the Liquor Code as a result of serving alcohol to the minor J.S. Providing for administrative proceedings prior to a suspension and/or revocation of a liquor license due to a violation of the law is the statutory scheme the General Assembly has chosen for regulating the sale of alcoholic beverages in the Commonwealth.[14] It is simply beyond the purview of this Court to change the PLCB's sphere of authority.

As such, Licensee's contention that its constitutional rights were violated because the administrative prosecution of its violation of Section 493(1) of the Liquor Code was not afforded the same protections as a criminal prosecution is without merit. There is no dispute that Licensee appeared before the ALJ on the date scheduled to show cause as directed in the citation and was afforded a full evidentiary hearing. Licensee was then able to exercise its right to appeal to the PLCB and then to the trial court for a hearing *de novo.* Therefore, Licensee was afforded due process.

Accordingly, the trial court's Order is affirmed.

### *ORDER*

**NOW,** July 26, 2012, the Order of the Court of Common Pleas of Luzerne County entered in the above-captioned matter is AFFIRMED.

---

**14.** The Liquor Code's purpose "is to restrain the sale of alcohol and to protect the public welfare, health, peace, and morals of the citizens of Pennsylvania." *Malt Beverages Distributors Association v. Pennsylvania Liquor Control Board,* 601 Pa. 449, 463, 974 A.2d 1144, 1153 (2009). "There is perhaps no other area of permissible state action within which the exercise of the police power of a state is more plenary than in the regulation and control of the use and sale of alcoholic beverages." *In re Tahiti Bar, Inc.,* 395 Pa. 355, 360, 150 A.2d 112, 115 (1959). As our Courts have long pointed out, every licensee is under a duty not only to regulate his own personal conduct in a manner consistent with the permit he has received, but also to control the acts and conduct of any employee to whom he entrusts the sale of liquor. Such fealty is the *quid pro quo* which the Commonwealth demands in return for the privilege of entering the highly restricted and, what is more important, the highly *dangerous* business of selling intoxicating liquor.
*Street Road Bar & Grille, Inc. v. Pennsylvania Liquor Control Board,* 583 Pa. 72, 87–88, 876 A.2d 346, 355 (2005) (quoting *Koczwara,* 397 Pa. at 581, 155 A.2d at 828 (emphasis in original)).