506 A.2d 521

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* PPC Circus Bar Incorporated, Appellee.

Submitted on briefs November 14, 1985, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Eileen S. Maunus,* Assistant Counsel, for appellant.

*Gary F. DiVito,* Chief Counsel, for appellee.

OPINION BY JUDGE BLATT, March 20, 1986:

The Pennsylvania Liquor Control Board (Board) appeals the order of the Court of Common Pleas of Allegheny County (trial court) which reversed and set aside the Board's order imposing a fine of $250 on PPC Cir-

cus Bar, Inc. (PPC) for permitting gambling on licensed premises.[1]

A Board undercover agent testified before the trial court that, upon his arrival at PPC's premises at approximately 7:00 p.m. on July 16, 1983, he witnessed the barmaid playing an electronic poker machine (machine) and observed that the machine reflected that a "score" of between thirty to forty "free" games had been accumulated. The barmaid continued to play for approximately fifteen minutes, occasionally leaving the machine to serve patrons and then resuming play. Upon accumulating a total of eighty "free" games, the barmaid reached her hand to the right side of the machine and performed an operation which cleared the eighty games off the machine.[2] Next, she recorded a $20 win in the cash register, removed a $20 bill from an envelope therein and made a notation on the envelope. She then placed the $20 in her pocket.

The trial court concluded that the agent's testimony failed to support the Board's conclusion that the activity described constituted gambling. On appeal, the Board

---

[1] Although the Board's citation notified PPC that the Board believed that PPC had violated the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 43 P.S. §§1-101 to 9-902, without citing a specific section thereof, we note that it appears that Section 5513(a) of the Crimes Code, 18 Pa. C. S. §5513(a) would seem to be the applicable statute here. *See Acorn Club of Swissvale, Inc. v. Pennsylvania Liquor Control Board,* 93 Pa. Commonwealth Ct. 335 n. 1, 500 A.2d 1296 n. 1 (1985).

[2] On September 21, 1983, our Supreme Court in *Commonwealth v. Two Electronic Poker Game Machines,* 502 Pa. 186, 465 A.2d 973 (1983), held that electronic poker games with a "knockdown" button are gambling devices *per se.* This ruling, we believe, serves to underscore our conclusion in the matter *sub judice.*

contends that the trial court committed an error of law and abused its discretion in reaching that conclusion.[3]

Before the trial court, it was the Board's burden to prove that gambling had occurred as charged on PPC's premises by a clear preponderance of the evidence. *In Re: Omicron Enterprises*, 68 Pa. Commonwealth Ct. 568, 449 A.2d 857 (1982). Accordingly, the Board's evidence had to show that the three elements of gambling were present in the barmaid's activities, *i.e.*, consideration, chance and reward. *Acorn Club*. The Board's witness did this. On the other hand, PPC presented no evidence whatsoever to the trial court. We believe, therefore, that the Board met its burden of proving the occurrence of gambling on PPC's premises and that the trial court erred in concluding otherwise.

We will, therefore, reverse the order of the trial court and reinstate the order of the Board.

## ORDER

AND NOW, this 20th day of March, 1986, the order of the Court of Common Pleas of Allegheny County, dated October 19, 1984, is reversed and the order of the Pennsylvania Liquor Control Board, dated June 18, 1984, is reinstated.

---

[3] Where an appeal from a Board order imposing a fine is heard de novo in the common pleas court, our review is limited to determining whether or not the trial court abused its discretion or committed an error of law and whether or not the Board's order is supported by sufficient evidence. *Acorn Club*.