538 A.2d 979

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Richard C. Kehler, Appellee.

Submitted on briefs November 17, 1987, to Judges MACPHAIL, COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Eileen S. Maunus,* Assistant Counsel, with her, *Kenneth B. Skelly,* Chief Counsel, for appellant.

*Merle G. Johnson,* for appellee.

OPINION BY JUDGE MACPHAIL, March 9, 1988:

The Pennsylvania Liquor Control Board (Board) appeals the order of the Court of Common Pleas of McKean County (trial court) rejecting the findings and conclusions of the Board and reversing the Board's decision finding Richard C. Kehler (Licensee) to be in violation of the law of the Commonwealth and/or regulations of the Board and imposing a fine of $1,000.00. We vacate and remand.

It was Super Bowl Sunday, January 22, 1984. The Licensee, who operated the Park Hotel in Port Allegheny, decided to have a private party for his best customers. Realizing that he did not have a Sunday sales license, Licensee went to great pains to have someone on a committee order a keg of beer and some food. Those invited to the party contributed $10.00 each.

Two uninvited guests, who were enforcement officers for the Board, walked into the licensed premises through the unlocked back door. They observed seven persons sitting around a round table playing poker with both coins and bills on the table. Beer was being served through taps from behind the bar. Several men were drinking beer from plastic cups. The officers also saw a table in an adjoining room where dice were being thrown. There were approximately 22 persons present at the party.

As soon as the Licensee became aware of the two strangers, he requested them to leave, explaining this was a private party. The officers left and returned about an hour later with two local police officers and a Pennsylvania State Trooper. This time, the back door was locked. After displaying their credentials, the officers were admitted. There was no one at the poker or dice tables but some persons were still drinking beer. No liquor was seen to be drunk or dispensed.

Upon receiving the results of this investigation, the Board cited Licensee for violating the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §§1-101—9-902, by furnishing malt or brewed beverages during hours when such sales were prohibited[1] and for permitting gambling on the premises. Following a Board hearing, Licensee was found to be in violation of the Code in both respects and a fine of $1,000 was assessed.

Licensee appealed. The trial court conducted a *de novo* hearing and entered an order sustaining the appeal. The Board filed notice of its appeal to this Court and was directed by the trial court to set forth a statement of the matters complained of on appeal. The Board stated that since gambling was a violation of Section 5513 of the Crimes Code, 18 Pa. C. S. §5513, such activity constituted "sufficient cause" under Section 471 of the Code, 47 P.S. §4-471[2] to justify the Board's action.

---

[1] Section 492(5) of the Liquor Code, 47 P.S. §4-492(5).

[2] Section 471 of the Liquor Code provides in pertinent part that:

Upon learning of any violation of this act or any laws of this Commonwealth relating to liquor, alcohol or malt or brewed beverages, or of any regulations of the board adopted pursuant to such laws, of any violation of any laws of this Commonwealth or of the United States of America

In its opinion in support of its order, the trial court noted that there was no mention of the Sunday sale of beer in the Board's statement of matters complained of and concluded that that matter was not before it. Concerning the gambling violation, the trial court noted this was a private party conducted on premises where Licensee also resided. It sets forth the issue to be decided as: "[w]hether or not the fact that seven men played a game of poker at a private party is 'sufficient cause' to give the Board reason to cite the Licensee and impose a penalty under the provisions of the Liquor Code." Citing the precise language in Section 5513 of the Crimes Code that only *unlawful* gambling is a violation of that Code and *U.S. ex rel. Yates v. Rundle,* 326 F.Supp. 344 (E.D. Pa. 1971), wherein that court said that the mere act of playing cards for money is not a criminal offense in Pennsylvania, the trial court concluded that the Board had failed to meet its burden of proving "sufficient cause."

Our scope of review in this case is to determine whether there is substantial evidence to support the trial court's findings of fact and whether the court abused its discretion or committed an error of law. *Pennsylvania Liquor Control Board v. Ripley,* 107 Pa. Commonwealth Ct. 425, 529 A.2d 39 (1987). In the case now before us, we must decide whether the trial court erred as a matter of law when it held that the Board did not prove sufficient cause for its action.

---

relating to the tax-payment of liquor or malt or brewed beverages by any licensee within the scope of this article, his officers, servants, agents or employes, *or upon any other sufficient cause shown,* the board may, within one year from the date of such violation or cause appearing, cite such licensee to appear before it or its examiner . . . to show cause why such license should not be suspended or revoked or a fine imposed. (Emphasis added.)

While the trial court limited its opinion to the matter of poker playing, we note that the evidence of a dice table was not denied by Licensee's testimony or that of his witnesses; neither did the trial court find the enforcement agent's testimony incredible in this regard.

It is unfortunate that the Crimes Code does not define gambling and the Liquor Code does not specifically list gambling as an activity prohibited on licensed premises, nor is there a Board regulation setting forth what constitutes "sufficient cause" under Section 471 of the Liquor Code.

Looking more carefully at the citation which sets forth the charge against the Licensee, however, we note that it is not playing of poker which is complained of, nor the commission of an illegal act, but rather "gambling." In the past when we have upheld sanctions against licensees for gambling on the premises, this Court has dealt with factual circumstances which clearly indicated that the particular gambling activity under consideration was a violation of the Crimes Code. *See, e.g., Quaker City Development Co., Inc. Appeal,* 27 Pa. Commonwealth Ct. 13, 365 A.2d 683 (1976). While we are not prepared to hold and need not decide that poker playing is "unlawful gambling" under the Crimes Code,[3] we now hold that the Board's burden in the instant case was only to prove that gambling was occurring and that that activity was sufficient cause for the Board's action. It need not prove that the Crimes Code was in fact violated.

Our Court, in dealing with the term, has held that the three elements of gambling are consideration, chance and reward. *Pennsylvania Liquor Control Board*

---

[3] There does not seem to be unanimous agreement in other jurisdictions as to whether poker playing is "gambling" as an indictable offense. *See* 38 Am. Jur. 2d *Gambling* §38 (1968).

*v. PPC Circus Bar, Inc.*, 96 Pa. Commonwealth Ct. 115, 506 A.2d 521 (1986).

We believe that poker playing on a licensed premises *is* gambling within that definition. Certainly all three elements as set forth in *PPC Circus Bar, Inc.* are present in a poker game. In order to participate, one must "ante up" money; the winner is determined by the luck of the cards drawn (and a lot of bluffing); and the winner takes in the "pot."

We conclude that the trial court erred as a matter of law when it held that the activities on Licensee's premises did not constitute gambling as that term has been defined by this Court, and now hold that such activity does constitute sufficient cause to invoke sanctions as a violation of the Liquor Code.

Concerning the Licensee's argument and the trial court's finding that this was a private party, not open to the general public, we are persuaded by the Board's counter-argument that a licensee cannot voluntarily choose the hours in which he will be governed by the provisions of the Liquor Code. If an activity is prohibited on a licensed premises, it is prohibited at all times and for all persons whether "by invitation only" or as members of the general public. Any other holding would render the provisions of the Liquor Code virtually unenforceable.

In view of the fact that the Board did not appeal from that part of the trial court's order which held that the Licensee had not violated the Liquor Code insofar as the charge of furnishing brewed beverages during hours when such sales were prohibited, we must remand this case to the trial court for further remand to the Board for reconsideration of the penalty to be imposed for gambling.

## ORDER

The order of the Court of Common Pleas of McKean County is vacated and remanded to that court for further remand to the Pennsylvania Liquor Control Board for reconsideration of the penalty to be imposed upon Richard C. Kehler for violating Section 471 of the Liquor Code only.

Jurisdiction relinquished.