544 A.2d 1125

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Buffalo Tavern, Inc., Appellee.

Buffalo Tavern, Inc., The Mangy Moose, Appellant *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellee.

Submitted on briefs May 18, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Felix Thau,* Deputy Chief Counsel, with him, *Kenneth B. Skelly,* Chief Counsel, for appellant.

*Peter P. Griffin,* for appellee.

OPINION BY JUDGE PALLADINO, August 1, 1988:

These consolidated cases involve cross-appeals by Buffalo Tavern, Inc., t/a The Mangy Moose, (Licensee) and the Pennsylvania Liquor Control Board (LCB) from an order of the Clinton County Court of Common Pleas concluding that Licensee had violated section 493(16) of the Liquor Code[1] but modifying the LCB's penalty of a $750 fine for this violation to a $500 fine. We affirm in part and reverse in part.

Jeffery Bowman, a corporate officer of Licensee and owner of the building in which Licensee's premises are located, allowed Richard Khork to hold a private party at Licensee's premises on a Sunday. Licensee's liquor license did not permit it to sell alcoholic beverages on Sundays. Khork paid for all the food and drink to be consumed at the party. He purchased two half kegs of beer from Licensee during the week before the Sunday party, which were kept on Licensee's premises after purchase. Thirty-eight people were invited to the party and $2 was requested from each to defray the costs of the steaks. Bowman was one of the invited guests and he attended the party. On Sunday morning prior to party beginning Khork testified that he asked Bowman to tap the beer kegs and that Bowman did so. N.T. at 22-23.

LCB enforcement officer Terry Rinehart entered Licensee's premises at 4:20 PM on the Sunday the party was held. He observed approximately 30 individuals on

---

[1] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-493(16).

the premises, some with beer and mixed drinks. He saw a male behind the bar serving beer and noted a couple of women in the kitchen. Rinehart spoke with Bowman and departed the premises within five minutes.

As a result of Rinehart's investigation, the LCB issued a citation to Licensee, charging Licensee with having sold, furnished and/or given alcoholic beverages on a Sunday during hours when such sales were prohibited. Subsequent to a hearing, the LCB, on January 13, 1987, issued an opinion in which it stated:

> WHEREAS, evidence produced at [the] hearing established the following finding of fact(s): The licensee, by its servants, agents or employes, sold, furnished and/or gave liquor and/or malt or brewed beverages on Sunday, February 23, 1986, during hours when such sales were prohibited.

The LCB fined Licensee $750 for this violation. Licensee appealed to the trial court.

At the conclusion of a *de novo* hearing, the trial court orally issued its decision. The trial court concluded that Licensee had violated section 493(16) of the Liquor Code. Because the LCB had made no specific factual findings in its opinion, the trial court determined it had the authority to modify the LCB's penalty and fined Licensee $500 rather than the $750 the LCB had imposed.

On appeal to this court,[2] Licensee argues that the trial court erred in concluding Licensee violated section 493(16) of the Liquor Code. The LCB argues that the

---

[2] Our scope of review is limited to a determination of whether the trial court abused its discretion or committed an error of law and whether the LCB's order is supported by substantial evidence. *Acorn Club of Swissvale v. Pennsylvania Liquor Control Board*, 93 Pa. Commonwealth Ct. 335, 500 A.2d 1296 (1985).

trial court had no authority to modify the penalty. We will address each issue separately.

## VIOLATION

Section 493(16) of the Liquor Code provides:
It shall be unlawful—

. . .

(16) For any licensee, his servants, agents or employes, to give, furnish, trade, barter, serve or deliver any liquor or malt or brewed beverages to any person during hours or on days when the licensee is prohibited by this act from selling liquor or malt or brewed beverages.

It is not disputed that Licensee was prohibited from selling alcoholic beverages on a Sunday. The issue before us is whether Licensee, by permitting its premises to be used on a Sunday for a private party at which alcoholic beverages were consumed, violated section 493(16) of the Liquor Code. This appears to be an issue of first impression for an appellate court.

The Pennsylvania Supreme Court has held that "the conduct of the liquor business is lawful only to the extent and manner permitted by statute." *Commonwealth v. Koczwara,* 397 Pa. 575, 581, 155 A.2d 825, 828 (1959), *cert. denied,* 363 U.S. 848 (1960). As the Superior Court noted in *In Re Hankin,* 202 Pa. Superior Ct. 100, 104, 195 A.2d 164, 166 (1963), "[t]he legislature [has] expressed a clear intent to prevent liquor from being furnished in licensed [premises] on Sunday except in a few carefully stated exceptions."[3] To permit Li-

---

[3] The licensee in *Hankin* sold customers full bottles of liquor and locked these bottles in a cabinet on the premises. The customers were given keys to the cabinet. On Sundays, when the licensee was prohibited from selling alcohol, the customers served themselves liquor from the bottles in the cabinet. The Superior Court called this an ingenious scheme to circumvent the clear intent of

censee to circumvent this prohibition by permitting its premises to be used by others would be contrary to the mandate that the liquor business is only to be conducted as permitted by statute. *See Id.* We hold that when a licensee permits others to use its premises and knows that alcoholic beverages will be available for consumption, those to whom the permission is given become the licensee's agents.[4]

In the case at bar, Licensee permitted Khork to use its premises, knowing that alcoholic beverages would be available for consumption. Khork used the premises on a day Licensee is prohibited from selling alcoholic beverages. Therefore, Licensee has violated section 493(16) of the Liquor Code.

## PENALTY MODIFICATION

A trial court may not modify a penalty imposed by the LCB without making findings on the material issues different from those made by the LCB. *Pennsylvania*

---

the legislature to prohibit the licensee from selling alcoholic beverages on Sundays. The court held that the licensee had violated section 406 of the Liquor Code, 47 P.S. §4-406, which at that time prohibited restaurants, not in first and second class cities, from selling liquor after 2 AM on Sunday.

[4] Licensee cites *Maitre'D, Inc. v. Pennsylvania Liquor Control Board,* 44 Pa. D. & C. 2d 182 (1967), in support of its position. In *Maitre'D, Inc.,* a principal shareholder of the licensee held a private Bar Mitzvah party on a Sunday at the licensee's premises. The licensee was prohibited from selling alcoholic beverages on a Sunday. The shareholder was found to have purchased all the liquor that was served, provided the waitresses and all other persons who served the invited guests. The trial court held that the licensee had not acted in violation of the Liquor Code. The trial court cited no caselaw to support its decision and offered no rationale for its conclusion that the licensee had not violated the Liquor Code by permitting a private party, at which liquor had been served, on its premises on a day the licensee was prohibited from selling alcoholic beverages. We, of course, are not bound by a trial court decision.

*Liquor Control Board v. Seder,* 88 Pa. Commonwealth Ct. 351, 489 A.2d 278 (1985). Here the LCB found that Licensee "sold, furnished and/or gave liquor and/or malt or brewed beverages on Sunday, February 23, 1986, during hours when such sales were prohibited." The trial court found that Licensee, on a day Licensee was prohibited from selling alcoholic beverages, had served, furnished and delivered alcoholic beverages in violation of section 493(16) of the Liquor Code. These findings are not materially different and do not warrant a modification of the penalty.

We agree with the trial court that the LCB's opinion did not set out the facts on which the LCB relied in finding that Licensee had sold, furnished and/or given alcoholic beverages on a Sunday as the LCB is required to do by section 471 of the Liquor Code.[5] In such an instance, the trial court may remand the case to the LCB for a more specific opinion. *See Pennsylvania Liquor Control Board v. Reda,* 76 Pa. Commonwealth Ct. 156, 463 A.2d 109 (1983). However, where the trial court conducts a *de novo* hearing and finds that a licensee has committed the violation the LCB found licensee committed, the trial court may not use the lack of specific factual findings as a basis for modifying the penalty. *See Seder.*

Accordingly, the order of the trial court is affirmed insofar as it finds Licensee violated section 493(16) of the Liquor Code and reversed insofar as it modifies the penalty imposed by the LCB. The $750 fine imposed by the LCB is reinstated.

---

[5] 47 P.S. §4-471. This section requires that in all cases in which the LCB suspends or revokes a license or imposes a fine for a violation of the Liquor Code, the LCB "shall file of record at least a brief statement in the form of an opinion of the reasons for the ruling or order."

312

ORDER

AND NOW, August 1, 1988, the order of the Court of Common Pleas of Clinton County is affirmed insofar as it finds that Buffalo Tavern, Inc., t/a The Mangy Moose, violated section 493(16) of the Liquor Code and reversed insofar as it modifies the penalty imposed by the Pennsylvania Liquor Control Board. The $750 fine imposed by the Pennsylvania Liquor Control Board is reinstated.