548 A.2d 689

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Alfred J. Mignogna, Jr. and Barbara J. Mignogna, Appellees.

*Eileen S. Maunus,* Assistant Counsel, with her, *Kenneth B. Skelly,* Chief Counsel, for appellant.

*Harold E. Miller,* for appellees.

OPINION BY JUDGE DOYLE, October 13, 1988:

The Pennsylvania Liquor Control Board (Board) appeals from an order of the Court of Common Pleas of Blair County which vacated a ten-day suspension of the liquor license of Alfred J. Mignogna and his wife (Licensees) imposed by the Board and instead imposed a $200 fine. We reverse in part, vacate in part and remand.

Licensees trade as the Hotel Belmar (Hotel). On September 2, 1986, Scott Reed, a fourteen-year-old minor, went to the Hotel with Charles Rodgers, an adult. They seated themselves at a table and Rodgers went and purchased a pitcher of beer from the bar. Rodgers purchased two more pitchers of beer during the course of the evening, and Reed had five glasses of beer from the two pitchers. At no time during the period Reed and Rodgers were in the Hotel's bar did Hotel employees ask Reed to show any proof of his age or to sign a card declaring his age. Because of this incident, Licensees were cited for permitting beer to be furnished to a minor in violation of Section 493(1) of the Liquor Code (Code).[1]

Subsequently, on Sunday, October 26, 1986, Board enforcement officers went to Licensees' establishment. They found a private party in progress where beer was being consumed. The officers also found money in the bar's cash register. At that time, Mr. Mignogna presented the officers with receipts for the beer being consumed by the individuals having the private party indicating that the beer had been purchased by the hosts of the private party. The next day Mr. Mignogna supplied

---

[1] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-493(1).

the Board with a contract between him and the hosts of the private party which stated that any alcoholic beverages consumed at the party would have to be purchased by the hosts. Because Licensees lacked a Sunday sales permit, they were cited for selling liquor without a permit in violation of Section 493(16) of the Code, 47 P.S. §4-493(16).

Further, Licensees were cited at some point with violating 40 Pa. Code §5.16, which requires that the designated manager of a Board-licensed establishment devote full time to the licensed premises and that he cannot have any other employment while managing the licensed premises without the approval of the Board. The citation was issued because the designated manager, Mr. Mignogna, went back to work with the Altoona Area School District in September 1985 without informing the Board.

All three citations were consolidated for a hearing, and the Board held the evidence sufficient to support all three citations. Accordingly, the Board suspended Licensees' license for ten days.

Licensees appealed the suspension to the court of common pleas. At the *de novo* hearing before the common pleas court, the only evidence presented was the transcript of the Board proceedings. The court found the evidence insufficient to support a finding that either Section 493(1) (selling beer to a minor) or Section 493(16) (Sunday sales) of the Code had been violated. The court also found, however, that Licensees had violated 40 Pa. Code §5.16 relating to Mr. Mignogna as manager. Since all the citations were not supported by the evidence, the court modified the penalty to a $200 fine. This appeal followed.

The first issue presented here is whether Licensees, by allowing a private party on the licensed premises where alcoholic beverages were consumed on a day the

Licensees were not permitted to sell liquor, violated Section 493(16) of the Code. We have recently held in *Pennsylvania Liquor Control Board v. Buffalo Tavern, Inc.*, 118 Pa. Commonwealth Ct. 306, 544 A.2d 1125 (1988) that where a licensee permits others to use the licensed premises for a private party on a day the premises is not licensed to sell liquor and knows that alcoholic beverages will be available for consumption at the party, a violation of Section 493(16) has occurred. *See also Pennsylvania Liquor Control Board v. Kehler*, 114 Pa. Commonwealth Ct. 310, 538 A.2d 979 (1988). Here, the evidence shows that Licensees permitted a private party where they knew alcohol was going to be consumed. The party was to take place on a Sunday, a day on which the Licensees could not sell liquor. Thus, contrary to the trial court's conclusion, the evidence was legally sufficient to support a finding of a violation of Section 493(16) of the Code.

The Board next contends that the trial court exceeded its scope of review in ruling upon whether the Board's finding of a violation of Section 493(1) (permitting a minor to be furnished an alcoholic beverage) was supported by the evidence. Under the Liquor Code, a licensee "permits" an alcoholic beverage to be sold, furnished or given to a minor if he or she "acquiesces by failing to prevent" the same. *Banks Liquor License Case*, 78 Pa. Commonwealth Ct. 159, 165, 467 A.2d 85, 88 (1983). Further, a licensee has a duty to see that adult patrons do not furnish alcoholic beverages to minors. We held in *Pennsylvania Liquor Control Board v. Abraham*, 88 Pa. Commonwealth Ct. 244, 489 A.2d 306 (1985) (*Abraham I*), that where a minor is allowed to consume alcoholic beverages given to him by an adult on the licensed premises, a violation of Section 493(1) has occurred, irrespective of whether the licensee knew that the minor was to be furnished with

alcohol, since the licensee has the responsibility to police the licensed premises. *See also Pennsylvania Liquor Control Board v. Abraham,* 116 Pa. Commonwealth Ct. 270, 541 A.2d 1161 (1988) (*Abraham II*); *Old Express Limited Appeal,* 70 Pa. Commonwealth Ct. 382, 391-92, 453 A.2d 679, 682 (1982) (DOYLE, J., concurring).

There is evidence on the record to support a finding of a violation of Section 493(1) as Reed testified that he consumed alcoholic beverages given to him by Rodgers while on the licensed premises. *See Abraham II; Abraham I.* But the trial court held Reed's testimony not to be credible because:

> It is not disputed that Scott Reed had been adjudged delinquent by a Juvenile Court for having committed the crime of stealing 'some motorcycles' according to his own testimony. At the time of this alleged violation of the liquor law, he was residing in a juvenile detention facility on Tenth Street in Altoona. If his testimony is true that he consumed five glasses of beer in the company of Rodgers either at the Belmar or elsewhere, his testimony is most unreliable.

Trial court opinion at 2. Under the prior law, a reversal would have been mandated because where a trial court took no new evidence in a liquor violation case, it was not free to reverse the Board solely on witness credibility grounds absent a finding by it that the Board committed a clear abuse of discretion. *Pennsylvania Liquor Control Board v. Palumbo,* 99 Pa. Commonwealth Ct. 73, 512 A.2d 108 (1986). However, our Supreme Court in *Adair v. Pennsylvania Liquor Control Board,*      Pa.      , 546 A.2d 19 (1988), held that Section 471 of the Code, 47 P.S. §4-471 does "not require that the [trial] court make different findings or reach different conclusions in order to reject, alter or modify the con-

clusions and penalties of the Board" because "[t]he Code authorizes the [trial] court to exercise its discretion based upon its findings and conclusions, whether its findings and conclusion[s] are the same as or different from those of the Board." *Id.* at    , 546 A.2d at 25. The Court further stated that "[t]his is so whether the [trial] court hears the evidence anew, takes additional testimony or merely reviews the official transcript of the proceedings before the Board." *Id.* at    , 546 A.2d at 25. Thus, under *Adair,* the trial court was free to reassess the credibility of Reed's testimony.

In reassessing the credibility of Reed's testimony, however, the trial court based its conclusion on its finding that Reed was in a juvenile detention facility at the time of the Section 493(1) violation in this case. This finding is not supported by the evidence, as the record indicates that while Reed was in the juvenile detention facility at the time of the Board hearing,[2] he was living

---

[2] The trial court also noted that there was a sharp variance between the testimony of Reed and Rodgers, who also testified at the Board hearing. In this regard the court stated:

> There is no evidence whatever to confirm the version of either of these witnesses and to adopt the testimony of one or the other would be sheer conjecture, it seems to us. When there is such contradiction in the Commonwealth's own testimony, it is clearly not sufficient to establish the commission of the alleged offense by a preponderance of the evidence as the Board is required to do.

Trial court opinion at 2. This statement by the trial court, however, confuses the distinction between the sufficiency of the evidence and the weight or credibility of the evidence. *See Commonwealth v. Bristow,* 372 Pa. Superior Ct. 48, 538 A.2d 1343 (1988). The evidence here is sufficient to support a finding of a violation of Section 493(1).

with his parents on September 2, 1986. Since the trial court's determination of Reed's credibility was based on an erroneous fact, we will remand this case to the trial court for reconsideration in light of the facts of record and to set a proper penalty.

### ORDER

Now, October 13, 1988, the order of the Court of Common Pleas of Blair County is hereby reversed as to its ruling on the issue involving Section 493(16) of the Liquor Code, and vacated as to its ruling on the issue involving Section 493(1) of the Liquor Code. The trial court is hereby ordered to reconsider the evidence on the Section 493(1) issue, and to make findings based only upon the evidence already of record. Further, the trial court is ordered to reconsider the penalty in light of its new findings.

Jurisdiction relinquished.

This decision was reached prior to the resignation of Judge MACPHAIL.